[Civ. No. 8094.   First Appellate District, Division Two.—July 19, 1932.]

FREDERICK KLOPPER, Appellant, v. D. J. & T. SULLIVAN COMPANY (a Corporation) et al., Respondents.

Vincent W. Hallinan, Michael Riordan and James J. Roach for Appellant.

Daniel W. Burbank, C. F. Laumeister, William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Respondents.

SPENCE, J.—Following a trial by jury, judgment upon the verdict was entered in favor of defendants, from which judgment plaintiff appeals.

The action was brought to recover for personal injuries alleged to have been sustained by plaintiff as a result of negligence upon the part of defendants. The accident occurred at about 1 o'clock on the morning of November 5, 1929, on Mission Street near Ocean Avenue, in San Francisco. Pursuant to a permit granted by the board of public works, defendants were engaged in moving a schoolhouse twenty-four feet in width along Mission Street. At the time in question the schoolhouse was not in motion, but was temporarily standing in the middle of the street. There were lighted red lanterns hanging close to the ground at the four corners of the schoolhouse. Plaintiff collided therewith while operating his automobile in a northerly direction along Mission Street. Both negligence and contributory negligence were issues under the pleadings and the trial court gave instructions on these issues.

Appellant contends that the trial court erred in admitting certain evidence and in the giving and refusing of certain instructions. Practically all of appellant's contentions are based upon his theory that the general provisions of the California Vehicle Act relating to the width of vehicles and their loads, the parking of vehicles and the required lights on vehicles and their loads, were applicable to this schoolhouse. While it is true that the schoolhouse had been moved to the point where it was situated by placing it on three small dollies and drawing it with a

truck, we find nothing in the Vehicle Act which leads to the conclusion that the above-mentioned general provisions relating to ordinary mobile equipment and loads were applicable under the circumstances. On the other hand, we believe that the regulations relating to the moving of buildings under permit governed.

■ The evidence which appellant claimed was erroneously admitted consisted of article VI, chapter I, section 9, subdivision 1, of the charter of the city and county of San Francisco giving the board of public works the general control of public streets and specific authority to prescribe rules and grant permits "for the moving of buildings through the streets"; also a certain ordinance of the city and county of San Francisco relating to permits for moving buildings; and also the particular permit issued to the respondent corporation by the board of public works granting permission to move the schoolhouse in question. All of this evidence was properly admitted. In the absence thereof it might well have been contended that the placing of a building in the street constituted a nuisance within the meaning of section 3479 of the Civil Code, which covers the "unlawful obstruction" of the free use of a public street. The evidence was proper to show that obstruction was not unlawful. ■ Appellant's contention that the charter provisions mentioned conflict with and were superseded by section 83 of the California Vehicle Act cannot be sustained. It would be sufficient to point out that it is provided by subdivision *b* of that section that the general provisions of subdivision *a* limiting "the maximum width of vehicles and their loads shall not apply to . . . special mobile equipment" and that under section 7½ of said act, dollies are classified as special mobile equipment. But in addition we believe that a reading of said section 83 and other general sections of the act claimed to be applicable shows that these sections were never intended to apply under the circumstances before us. To construe the general provisions of those sections of the act relating to width of ordinary vehicles and their loads, to the parking of ordinary vehicles and to the lights required on such vehicles and their loads as applicable to a schoolhouse merely because of the fact that it is in the street mounted upon several units of special mobile equipment, would in our opinion lead to absurd results.

■ From what has been said it follows that the trial court properly instructed the jury that respondents had the right under the permit from the board of public works to occupy such portion of the street as was necessary to move the school building. It further follows that it was proper to give the instruction to the effect that if the jury found that lights were maintained on said building which under the conditions prevailing were visible for a sufficient distance to apprise persons using the street of the presence of the building and enable them to avoid the danger, the respondents were not negligent. The only objection raised by appellant to the last-mentioned instruction is that it ignored the general provisions of the Vehicle Act relating to lights on vehicles and their loads, but as above indicated, those general provisions were inapplicable. The refusal of the trial court to read to the jury the general provisions of the act relating to lights and to parking of vehicles was not error.

■ It appears that respondents had removed a lighted red lantern from the rear of the truck and placed it between the lighted headlights on the front of the truck which was standing in front of the schoolhouse and facing in the direction from which appellant was approaching. Appellant strenuously insists that this constituted a violation of sections 100 and 111 of the Vehicle Act prohibiting more than two headlights and prohibiting driving on the highway with a red light in front. He thereupon contends that his requested instructions relating to these sections should have been given. Assuming, without deciding, that the placing of this red light on the front of the standing truck constituted a violation of the act, it is apparent that there was no error in refusing the proposed instruction, as the violation, if any, could not have been a proximate cause of appellant's colliding with the schoolhouse.

■ Appellant offered two further instructions which were properly refused. The first contained the provisions of section 3479 of the Civil Code, which declare the unlawful obstruction of the free use of the street to be a nuisance. The second told the jury that if they found that respondent "unlawfully obstructed" the street, then it was no defense that they were permitted to do so by the municipal authorities. These instructions were contradictory within them-

selves in that the permit issued by the board of public works made lawful the obstruction of the street to the extent necessary to move the building and said section 3479 could have no application.

The instructions given amply covered the remaining proposed instructions of the appellant in so far as said proposed instructions correctly stated the law applicable to the case.

We do not wish to be understood as indicating that none of the provisions of the Vehicle Act are applicable to any type of structure moved upon the highway mounted on any type of mobile equipment. We are nevertheless of the opinion, as above indicated, that none of the general provisions of the act referred to by appellant is applicable under the facts in the present case.

As in our view the judgment must be affirmed for the reasons stated, we deem it unnecessary to discuss respondents' further contention that appellant was guilty of negligence as a matter of law in running into this standing schoolhouse under the conditions existing and damaging one of the lighted red lanterns which was hanging at or about the point of impact.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 18, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 15, 1932.